UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ILLINOIS UNION INSURANCE CO.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>BROOKSTREET SECURITIES CORP. ET AL.,<br><br>    Defendants. | Case No.: SACV07-01095-CJC(RNBx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO CLAIMS THAT WERE MADE LATE OR NOT TIMELY NOTICED** |

**INTRODUCTION**

    This case arises from several disputes between Brookstreet Securities Corporation, a California financial services company, and its clients. Plaintiff Illinois Union Insurance Company, ("Illinois Union") provided professional liability insurance to Brookstreet and its employees, officers and directors. (First Amended Compl. ("FAC") ¶¶ 137- 138.) Illinois Union brought this action for interpleader and provided a $3 million bond to the

clerk of the court. (FAC ¶ 2.) Illinois Union now moves for summary judgment as to Defendants whose claims were not timely made, reported, or noticed. For the following reasons, Plaintiff's motion for summary judgment is GRANTED.[1]

**BACKGROUND**

**A. The Policy**

Illinois Union provided Brookstreet with a Securities Broker-Dealer Professional Liability Insurance Policy ("the Policy") covering the period from November 8, 2006 to November 8, 2007. The first paragraph of the beginning of the Policy states:

> THIS POLICY IS A CLAIMS MADE AND REPORTED POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS AND REPORTED TO THE INSURER DURING THE POLICY PERIOD.

(Decl. Arthur Aizley, Ex. A at 2.) The Policy contains three separate insuring agreements described in Section I and amended by Endorsement Nos. 8 and 13. (Decl. Aizley, Ex. A at 4, 24, 32). These agreements provide coverage for Claims asserted against the Insured Broker-Dealer, Insured Registered Representative, and Insured Representatives acting in the capacity of a Registered Investment Advisor. (Decl. Aizley, Ex. A. at 4, 24, 32.) The agreements have a clause in common, which is that the Insurer shall pay for a "Claim first made . . . during the Policy Period, or any applicable Extended Reporting Period, and reported in writing to the Insurer during the Policy Period, or, if exercised, the Extended Reporting Period in accordance with the terms of

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for November 23, 2009 at 3:30 p.m. is hereby vacated and off calendar.

the Policy." (Decl. Aizley, Ex. A at 4, 24, 32.)  Brookstreet never requested Extended Reporting Period coverage.  (Illinois Union UF, at ¶ 48.)

The Policy also includes a provision detailing notice requirements.  This section states:

> A. The Insured shall, as a condition precedent to their rights under the Policy, give to the Insurer written notice of any Claim made against the Insured as soon as practicable during the Policy Period, or if exercised, during the Extended Reporting Period, but in no event later than thirty (30) days after the Insured knew or should have known, using reasonable diligence, of the existence of the Claim.
>
> B. If during the Policy Period or the Extended Reporting Period, if exercised, the Insured first becomes aware of a specific Wrongful Act which may reasonably give rise to a future Claim covered under the Policy and during such Policy Period or Extended Reporting Period gives written notice to the Insurer of:
>
>    1. The names of the potential claimants and a description of the specific Wrongful Act which forms the basis of their potential claim;
>    2. The identity of the specific Insureds allegedly responsible for such specific Wrongful Act;
>    3. The consequences which have resulted or may result form such specific Wrongful Act;
>    4. The nature of the potential monetary damages or non-monetary relief which may be sought in consequence of such specific Wrongful Act; and
>    5. The circumstances by which the Insureds first became aware of such specific Wrongful Act,
>
> Then any Claim which arises out of such Wrongful Act shall be deemed to have been first made during the Policy Period or Extended Reporting Period, if exercised, in which such written notice was received by the Insurer. . . .
>
> C. All notices under any provision of this Policy shall be in writing and given by prepaid express courier, certified mail or fax properly addressed to the appropriate party.  Notice to the Insured may be given to the Insured-Broker Dealer at the

address shown in Item 1. of the Declarations.  Notice to the Insurer of any Claim, Wrongful Act or Loss shall be given to the Insurer at the address in Item 6.a. of the Declarations.  All other notices to the Insurer under this Policy shall be given to the Insurer at the address in Item 6.b. of the Declarations.  Notice given as described above shall be deemed to be received and effective upon actual receipt thereof by the addressee or one day following the date such notice is sent, whichever is earlier.

(Decl. Aizley, Ex. A at 13.)

A "Claim" is defined as "1.  A written demand for monetary damages; 2. A civil proceeding commenced by service of a complaint or similar pleading; and/or 3. An arbitration proceeding."  (Decl. Aizley, Ex. A at 5.)  The "Policy Period" is "the period of time specified in Item 2. of the Declarations of [the] Policy . . . ."  (Decl. Aizley, Ex. A at 6.)   The section entitled "Declarations" specifies that the Policy Period is from 12:01 A.M. on 11/08/2006 to 12:01 A.M. on 11/08/2007.  (Decl. Aizley, Ex. A at 2.)

**B.  The Claimants**

Illinois Union separates the claimants in this motion into two groups.  (Mot. Summary Judgment at 2.)  The group labeled "Outside Policy Period Defendants" includes Gerard Axel, Benita Axel, Andrew Eisenberg, Joyce Eisenberg, Paulette Haim, Warren Kornfeld, Denise Marino, Scott Magallanes, Herman Nadler, Gloria Nadler, Linda Nadler, Jacqueline S. Mishory, Joseph Nemeth, Lyle Fettig and Claudia Johnson.  The group labeled "Late Notice Defendants" includes Richard Lisowski, Stephen Stubbs, Robin Stubbs, Judy Schulman and Murray Bieda.  The Court will address each claimant in turn.

**LEGAL STANDARD**

Summary judgment is proper if the evidence before the Court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating either that there are no genuine material issues or that the opposing party lacks sufficient evidence to carry its burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. at 325; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

**ANALYSIS**

As noted, the policy is a "claims made and reported policy." These policies, by definition, only provide coverage for "Claims" made against the insured and reported to the insurer during the Policy Period. *World Health and Educ. Foundation v. Carolina Cas. Ins. Co.*, 612 F. Supp. 2d 1089 (N.D. Cal. 2009).

### A. Outside Policy Period Defendants

Illinois Union argues that each of the "Outside Policy" Defendants either made a claim outside of the Policy Period or that Brookstreet reported their claim outside of the Policy Period. Since all of the Defendants have different factual circumstances, the Court will address each Defendant's Claim in turn.

### a. Gerard and Benita Axel

Illinois Union argues that since Gerard and Benita Axel first asserted their claims against Brookstreet after the expiration of the Policy Period, their claims are not covered. (Mot. Summary Judgment at 3, 6.) Illinois Union sent a set of interrogatories to Avi Wagner, who is counsel for several of the Defendants,[2] including Gerard and Benita Axel. (Decl. Aizley, Ex. E.) Interrogatory 2 required each Defendant to "[s]tate whether [he or she] contend[s] that a written demand for monetary damages, a civil or arbitration proceeding was made or commenced by [him or her] against Brookstreet, or one of its Registered Representatives, at any time between 12:01 AM., November 8, 2006 through 12:01 AM., November 8, 2007 (the Policy Period), and if [the Defendant's] answer is anything other than an unqualified 'no,' describe the basis for [this] contention, including but not limited to Identifying all supporting Documents and Communications." (Decl. Aizley, Ex. E at 3.) Defendants represented by Mr. Wagner responded by stating that Claudia Johnson, Warren Kornfeld, Steven Lipschutz, Stuart Miller and Gary Wiesman asserted claims within the period. (Decl. Aizley, Ex. E at 3-4.) The response did not address whether Gerard and Benita Axel had filed their claims within the Policy Period. Additionally, Illinois Union has presented Mr. and Ms. Axel's Statement of Claim for

---

[2] Mr. Wagner also represents Andrew Eisenberg, Joyce Eisenberg, Claudia Johnson, Stuart Miller, Gary Wiesman, Warren Kornfeld, Steven Lipschutz, Herman Nadler, Gloria Nadler, Linda Nadler, Jacqueline S. Mishory, Joseph R. Nemeth, Paulette Haim and Denise Marino.

FINRA Dispute Resolution, which was dated November 20, 2007, and a copy of the letter from FINRA, dated November 28, 2007, which notified Brookstreet of the claim. (Decl. Aizley, Ex. F at 52, 87.)  Finally, Illinois Union has presented Brookstreet's letter to Illinois Union, dated December 11, 2007, in which Brookstreet reported the Axel claim. (Decl. Aizley, Ex. G.)  The Axels have not contested this evidence and have provided neither evidence nor argument to rebut Illinois Union's evidence demonstrating that they asserted their claims outside the Policy Period and that their Interrogatory response admits this.  Since the only evidence that the Axels made a "Claim" within the definition of the Policy is their Statement of Claim for arbitration, it is undisputed that their "Claim" was made outside of the Policy Period. Accordingly, summary judgment against the Axels is proper since they made their claim and it was reported outside of the Policy Period.

### b. Andrew and Joyce Eisenberg

Similar to the Axels, Illinois Union also argues that it is undisputed that Andrew and Joyce Eisenberg made their claim outside of the Policy Period. (Mot. Summary Judgment at 6.)  As noted, the Eisenbergs are also represented by Mr. Wagner and were presented with the same Interrogatories.  The Eisenbergs did not address whether they had filed their claims within the Policy Period, as requested by Interrogatory 2. (Decl. Aizley, Ex. E at 3-4.)  Illinois Union has also presented a letter, dated October 17, 2006, which demanded that Brookstreet "pay him treble damages in the amount of $620,430.00 for violation of F.S. § 825.103(1)." (Decl. Aizley, Ex. H.)  This, Illinois Union argues, is the Eisenberg's "Claim" as defined by the Policy because it was a written "demand for monetary damages."  The Eisenbergs have not attempted to refute this evidence in any fashion, instead making what might be described as arguments concerning when the Eisenbergs filed their Statement of Claim for arbitration.  As Illinois Union notes in its reply, "the sole reference to the Eisenberg[]s in [the opposition] erroneously indicates

that [Illinois Union's] argument is predicated on the Eisenberg's Statement of Claim . . . The Eisenbergs are wrong, and the argument that Illinois Union in fact made based on the . . . letter thus stands unopposed." (Reply Mot. Summary Judgment at 5.) The Policy only covers claims "first made" during the Policy Period, and since the Eisenbergs have failed to rebut Illinois Union's argument that their written demand of October 17, 2006 constituted a claim made outside of the Policy Period, summary judgment against the Eisenbergs is appropriate.

### c. Paulette Haim and Denise Marino

Illinois Union also argues that there is no dispute that Paulette Haim and her daughter, Denise Marino, filed a claim against Brookstreet outside of the Policy Period. Just as the Axels and Eisenbergs did not respond to Interrogatory 2, Ms. Haim and Ms. Marino did not state that they had asserted a "Claim" against Brookstreet within the Policy Period. (Decl. Aizley, Ex. E at 3-4.) Illinois Union has presented a transmittal letter from FINRA, dated November 21, 2007, which enclosed Ms. Haim and Ms. Marino's Statement of Claim for arbitration, dated November 13, 2007. (Decl Aizley, Ex. J at 339, 378.) Since the Policy Period ended on November 8, 2007, the arbitration was commenced after the Policy Period, and Brookstreet received notice of the claim after the Policy Period had ended. Ms. Haim and Ms. Marino have not presented any evidence to suggest that they made their Claim before the expiration of the Policy Period, and their non-response to Interrogatory 2 admits as much. Accordingly, summary judgment against Ms. Haim and Ms. Marino is appropriate.

### d. Warren Kornfeld

Illinois Union argues that Mr. Kornfeld never asserted a "Claim" against Brookstreet as defined by the policy. (Mot. Summary Judgment at 23.) It is undisputed

that Mr. Kornfeld emailed Brookstreet on June 25, 2007.  (Decl. Aizley, Ex. R; Illinois Union UF ¶ 27.)  In his email, Mr. Kornfeld stated that his "account was mis-managed." (Decl. Aizley, Ex. R.)  He also noted that "[a]s of this date, my losses exceed $800,000." (Decl. Aizley, Ex. R.)  Finally, he stated "[y]ou will be hearing from my attorney." (Decl. Aizley, Ex. R.)  By letter dated July 9, 2007, Illinois Union noted that Mr. Kornfeld's email did not meet the requirements of a "Claim" because it did not contain a demand for monetary damages.  (Decl. Aizley, Ex. S.)  Illinois Union did note, however, that it would accept that matter as a "notice of potential claim."  (Decl. Aizley, Ex. S.) Mr. Kornfeld argues that though his email did not demand damages, his email threatened litigation and asserted damages of at least $800,000, so he made a "Claim" within the Policy's definition.

Mr. Kornfeld has never filed a civil suit or arbitration, so he appears to assert that his email constituted a "written demand for monetary damages."  (Decl. Aizley, Ex. A.) However, Mr. Kornfeld's email never demanded monetary damages.  The Policy is clear that the definition of a Claim includes a demand for monetary damages, and Mr. Kornfeld has provided no evidence, other than relying on this email, to suggest that he demanded monetary damages.  *Winkler v. Nat'l Union Fire Ins. Co.*, 930 F.2d 1364, 1366 (9th Cir. 1991).  Accordingly, summary judgment against Mr. Kornfeld is appropriate.

### e. Scott Magallanes

Mr. Magallanes has not opposed Illinois Union's motion.  Illinois Union presented undisputed evidence that Mr. Magallanes was added as a party to an NASD arbitration against Brookstreet on November 27, 2007.  (Decl. Aizley, Ex. U.)  Since the Policy Period is November 8, 2006 to November 8, 2007, Mr. Magallanes' claim was not made during the Policy Period.  Summary judgment against Mr. Magallanes is warranted.

### f. Herman, Gloria and Linda Nadler, and Jacqueline S. Mishory

Illinois Union argues that there is no dispute that Herman and Gloria and their daughters Linda Nadler and Jacqueline S. Mishory ("the Nadlers") made their Claim outside of the Policy Period. Like the Axels, Eisenbergs, Ms. Haim and Ms. Marino, the Nadlers did not respond to Interrogatory 2. (Decl. Aizley, Ex. E.) Additionally, Illinois Union has presented evidence that Brookstreet was notified by NASD's letter, dated November 30, 2007, that the Nadlers had filed a Statement of Claim for arbitration against Brookstreet, dated November 8, 2007. (Decl. Aizley, Ex. K.) It is undisputed that the Policy Period ended at 12:01 a.m. on November 8, 2007. The Nadlers have not presented any evidence to suggest that they made a "Claim" within the definition of the Policy before November 8, 2007. Additionally, Illinois Union has provided undisputed evidence that Brookstreet notified Illinois Union of the Claim on December 11, 2007, which means that the Claim was "reported" to Illinois Union outside the Policy Period. (Decl. Aizley, Ex. G; Woody Decl. at ¶ 7.)

Though the Nadlers argue that Illinois Union must demonstrate prejudice from Brookstreet's late reporting per the notice-prejudice rule, many courts have observed that "the notice prejudice rule does not apply to claims made [and reported] policies, because to apply it as such would essentially convert these policies into occurrence based policies." *World Health & Educ. Foundation v. Carolina Casualty Ins. Co.*, 612 F. Supp. 2d 1089, 1096 (N.D. Cal. 2009); *Root v. Am. Equity Specialty Ins. Co.*, 130 Cal. App. 4th 926, 929, 937, 947 (Cal. Ct. App. 2005) (agreeing with the view that "[t]o apply the notice-prejudice rule to a claims made and reported policy would [] convert that policy into a pure claims made policy, and therefore give the insured a better policy than he paid for."); *Pacific Employers Ins. Co. v. Superior Court*, 221 Cal. App. 3d 1348, 1359-60 (Cal. Ct. App. 1990). Since there is no dispute as to when the Claim was first made and

reported, and those dates are outside of the Policy Period, summary judgment in favor of Illinois Union as to the Nadlers is appropriate.

### g. Joseph Nemeth

Like many of his fellow Defendants, Mr. Nemeth also did not respond to Interrogatory 2. (Decl. Aizley, Ex. E.) Illinois Union also presented evidence that FINRA first notified Brookstreet about Mr. Nemeth's arbitration on November 30, 2007. (Decl. Aizley, Ex. L.) FINRA also included Mr. Nemeth's Statement of Claim, which was dated November 15, 2007. (Decl. Aizley, Ex. L.) Mr. Nemeth has not presented any evidence to suggest that he made his "Claim" before the Policy Period expired. Since there is no dispute that Mr. Nemeth's Statement of Claim for arbitration, dated November 15, 2007, was filed outside the Policy Period, and Brookstreet received notice of the claim outside of the Policy Period, Illinois Union is not responsible for covering Mr. Nemeth's claim and summary judgment is appropriate.

### h. Lyle Fettig

It is undisputed that Mr. Fettig commenced an NASD arbitration against Brookstreet on September 27, 2007. (Decl. Aizley, Ex. M.) Brookstreet received notice of the claim by a transmittal letter from NASD dated November 7, 2007. (Decl. Aizley, Ex. M.) These actions are within the Policy Period. The flaw with Mr. Fettig's claim is that Brookstreet did not report it to Illinois Union until November 26, 2007, which is outside of the Policy Period. (Woody Decl. at ¶ 9.) Mr. Fettig, essentially acknowledging that this late reporting is fatal to his claim, argues that Illinois Union's refusal to honor his claim is in bad faith, and further, that Illinois Union must demonstrate prejudice arising from an insured's failure to provide a timely notice and proof of loss. (Fettig Opp. Mot . Summary Judgment at 4.) As noted previously, "the notice prejudice rule does not apply to claims made [and reported] policies, because to

apply it as such would essentially convert these policies into occurrence based policies." *World Health & Educ. Foundation*, 612 F. Supp. 2d at 1096. Illinois Union's Policy language quite clearly states that the Policy is a claims made *and* reported policy. To require Illinois Union to show prejudice would circumvent the Policy's very purpose and provide Brookstreet with more coverage than it bargained for. Since it is undisputed that Mr. Fettig's claim was reported outside the Policy Period, his claim is not covered and summary judgment is appropriate.

      **i. Claudia Johnson**

It is undisputed that on June 25, 2007, Ms. Johnson sent a letter to National Financial Services ("NFS"), Brookstreet's clearing broker, in which she alleged that NFS had been "negligent in their oversight" of her account. (Decl. Aizley, Ex. N.) She demanded that NFS deliver stock to her immediately. (Decl. Aizley, Ex. N.) The letter did not request monetary damages from NFS. (Decl. Aizley, Ex. N.) By letter dated July 11, 2007, NFS forwarded Ms. Johnson's letter to Brookstreet and stated that the "documents concerning your direct customers are not processed by National Financial. Please review these documents and forward to the appropriate department within your organization." (Decl. Aizley, Ex. O.) Illinois Union, by letter dated November 8, 2007, advised Brookstreet that Ms. Johnson's letter to NFS did not constitute a "Claim" or a notice of a potential claim. (Decl. Aizley, Ex. P.) As a result, Illinois Union denied coverage. (Decl. Aizley, Ex. P.) Ms. Johnson has not introduced any evidence or persuasive legal authority to suggest that where a claim is asserted against one party who then forwards a copy of that claim to a second party, the second party is to understand that a claim has been asserted against it. Here, Ms. Johnson did not name Brookstreet in her letter to NFS and did not appear to be making a claim against Brookstreet. Ms. Johnson has not presented any additional evidence to suggest that she did make a Claim against Brookstreet. Accordingly, there is no dispute of material fact that Ms. Johnson

did not make a "Claim" against Brookstreet within the definition of the policy and summary judgment is proper.

### B. Late Notice Defendants

Illinois Union argues that Richard Lisowski, Stephen and Robin Stubbs, Judy Schulman and Murray Bieda notified Brookstreet within the Policy Period, but Brookstreet notified Illinois Union more than 30 days after Brookstreet received notice of the claim. The Court considers each of these claimants in turn.

#### a. Richard Lisowski

It is undisputed that Mr. Lisowski submitted his claim for arbitration regarding his complaints against Brookstreet in December 2006. (Decl. Aizley, Ex. W.) Additionally, NASD notified Brookstreet of Mr. Lisowski's claim by letter dated January 16, 2007. (Decl. Aizley, Ex. W.) It is also undisputed that Illinois Union received notice of Mr. Lisowki's claim in March of 2007. (Lisowski Opp. Summary Judgment at 2.) All of these activities occurred within the Policy Period. Illinois Union argues that Mr. Lisowski's claim is not covered, however, because Brookstreet notified Illinois Union of its claim after 30 days had passed.

As noted previously, the Policy states: "The Insured shall, as a condition precedent to their rights under the Policy, give to the Insurer written notice of any Claim made against the Insured as soon as practicable during the Policy Period, or if exercised, during the Extended Reporting Period, but in no event later than thirty (30) days after the Insured knew or should have known, using reasonable diligence, of the existence of the Claim." (Decl Aizley, Ex. A at 13.) Brookstreet received notice of Mr. Lisowski's claim in January of 2007 but did not report the claim to Illinois Union until March of 2007. More than 30 days had elapsed from the time Brookstreet learned of the claim, and

reporting within 30 days was a condition precedent to coverage, so it appears that there should be no coverage for Mr. Lisowski's claim.

Mr. Lisowski argues that Illinois Union has failed to demonstrate prejudice under the notice-prejudice rule, and additionally, that the doctrine of equitable excuse should apply so as to avoid his forfeiture. As Mr. Lisowski has noted, California courts have refused to apply the notice-prejudice rule to claims made and reported policies. *World Health & Educ. Foundation v. Carolina Casualty Ins. Co.*, 612 F. Supp. 2d 1089, 1096 (N.D. Cal. 2009); *Root v. Am. Equity Specialty Ins. Co.*, 130 Cal. App. 4th 926, 929, 937, 947 (Cal. Ct. App. 2005). He asserts, however, that these cases focus on reporting outside of the policy period, and here, though Brookstreet reported his Claim to Illinois Union more than 30 days after Brookstreet received notice of it, his Claim was reported within the Policy Period. Mr. Lisowski has presented no persuasive authority to rebut the authority that states that the notice prejudice rule does not apply to claims made and reported policies. To force Illinois Union to demonstrate prejudice would be to rewrite the insurance contract, and the Court is unwilling to take this step.

Additionally, the doctrine of equitable excusal applies where "a claim is made very late in the policy period and the insured learns of the claims under highly ambiguous circumstances, so the claim is not reported until there is confirmation of that claim, which is shortly after the policy has expired." *Root*, 130 Cal. App. 4th at 929. Mr. Lisowski's claim was made well within the Policy Period, and he has provided neither persuasive argument nor evidence to suggest that the doctrine should apply to excuse Brookstreet's late reporting. Accordingly, summary judgment in favor of Illinois Union as to Mr. Lisowski is appropriate.

### b.  Stephen and Robin Stubbs

In its reply to the Stubbs' opposition, Illinois Union stated that it withdraws its motion for summary judgment as to the Stubbs without prejudice.  This motion is withdrawn as to the Stubbs.

### c.  Judy Schulman and Murray Bieda

Judy Schulman and Murray Bieda asserted their Claim for arbitration against Brookstreet in a single arbitration, and the Court will consider their claims together. Illinois Union presented undisputed evidence that Ms. Schulman, through her attorney, sent Brookstreet a letter, dated February 12, 2007, in which she alleged that she had suffered $706,627 in losses and demanded payment.  (Decl. Aizley, Ex. BB.)  Illinois Union also presented evidence that Brookstreet reported Ms. Schulman's claim on March 28, 2007, which is 44 days after Ms. Schulman's letter.  (Decl. Aizley, Ex. CC.)  Ms. Schulman and Mr. Bieda have not responded directly or offered evidence to rebut Illinois Union's argument that this was outside of the Policy's 30-day notice period.  Instead, they explicitly adopt arguments asserted by Defendants who are represented by Mr. Wagner, including his argument that Illinois Union must demonstrate prejudice under the notice-prejudice rule and that the doctrine of equitable excusal should apply.  As noted previously, the notice-prejudice rule does not apply to claims made and reported policies. Additionally, Ms. Schulman and Mr. Bieda have not submitted any evidence or offered any persuasive argument as to why the doctrine of equitable excusal should apply. Accordingly, summary judgment as to their claims is appropriate.

**CONCLUSION**

For the foregoing reasons, Illinois Union's motion for summary judgment is GRANTED.

DATED: November 20, 2009

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE